# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DANE ALLEN YIRKOVSKY** | : | **DOCKET NO. 2:06-cv-2399**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for a writ of *habeas corpus* filed  by *pro se* petitioner, Dane Allen Yirkovsky, pursuant to 28 U.S.C. § 2241.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

On January 31, 2000 petitioner pled guilty in the United States District Court for the Northern District of Iowa to violating 18 U.S.C. § § 922(g) and 924(e).  For these offenses, he was sentenced to 180 months imprisonment to be followed by a 4 year term of supervised release. *See USA v. Yirkovsky*, 1:99-cr-0064 (N.D. Iowa), docs. 11 & 45.  He filed a direct appeal which was denied by the Eighth Circuit on January 7, 2002. *Id.,* doc. 54.  10, 2003.  Subsequently, on February 7, 2003, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. *Id.*, docs. 64, 65.  This motion was denied on January 25, 2005. *Id.*, doc. 93.  Petitioner was denied a Certificate of Appealability, and the Eighth Circuit affirmed that decision on September 6, 2005. *Id.*, doc. 106.

On November 30, 2006, petitioner filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia.  It was transferred

to this court by an order dated November 30, 2006.  It was received and filed here December 27, 2006.  In this petition, petitioner challenges his conviction on the grounds that he had ineffective assistance of counsel and that there was no federal jurisdiction over the location where the crime occurred.

## LAW AND ANALYSIS

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the primary means by which a federal prisoner can collaterally attack the legality of his conviction and sentence.[1] *Warren v. Miles*, 230 F.3d 668, 694 (5th Cir. 2000);*Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claim for *habeas corpus* relief rests entirely upon the premise that his conviction and sentence are invalid.  The petition is devoid of any claim solely directed to the manner in which the sentence is being executed.   The undersigned is concerned that petitioner has expressly filed this petition under § 2241 merely to circumvent the consequences of 28 U.S.C. §2244(a) which precludes petitioner from filing a successive motion to vacate without obtaining prior authorization from the appropriate court of appeals.[2]

___

[1]This court is not the proper forum for such a claim inasmuch as a §2255 motion should be filed in the court where the criminal conviction and sentence were imposed.  A motion to vacate sentence is ordinarily presented to the judge who presided at the original conviction and sentencing.  *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  28 U.S.C. §2255 provides, in pertinent part,
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added).

[2]Because petitioner has filed a prior Motion to Vacate under §2255, petitioner is required to obtain prior authorization from the appropriate court of appeals before the district court can consider a second or successive application. 28 U.S.C. §2244(b)(3)(A).  28 U.S.C. § 2255, provides in pertinent part, "A second or successive must be certified as provided in section 2244 by a panel of the appropriate court  of appeals. . ."

A federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255 by establishing that the remedy provided for under 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." *Christopher v. Miles*, 342 F.3d 378, 281 (5th Cir. 2003); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The burden of demonstrating the ineffectiveness of a §2255 petition rests squarely on the shoulders of the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam); *Henderson v. Haro*, 01-30852 (unpublished) (5th Cir. 2002)(affirming *Henderson v. Haro*, 2:01-cv-204 (W.D. La.2001)). Two factors must be satisfied before a petitioner may file a §2241 petition in connection with the §2255 savings clause. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." *Id.*; *Henderson, supra*.

This petition fails to satisfy this test. Petitioner has not made any allegations which would lead this court to conclude that the remedy under §2255 is an inadequate or ineffective means for challenging the legality of his detention. The only basis for such a conclusion would be that he has filed a prior §2255 motion which was denied by the district court on January 25, 2005. However, "a prior unsuccessful §2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make §2255 inadequate or ineffective." *Jeffers,* 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). Therefore, this court finds that petitioner has not demonstrated that the remedy afforded under §2255 is inadequate or ineffective to test the legality of his incarceration or that this court may properly

entertain the present application under §2241.  Because petitioner fails to satisfy the savings clause of § 2255, his § 2241 petition should be dismissed for lack of jurisdiction. *See Thomas v. Jeter*, 2005 WL 623503 (N.D. Tex. 2005), citing *Christopher v. Miles*, 342 F.3d at 385.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* filed pursuant to §2241 be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, March 26, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE